*629 On Motion to Dismiss.
The opinion of the Court was delivered by
Bermudez, C. J.
The defendant seeks to have the appeal dismissed, because there is no order of appeal, that claimed as being such having been made by one who had no authority to grant it.
Tt appears that the present Judge of the lower court had been of counsel for the plaintiff, and that when the petition for an appeal was presented to him, he recused himself, if not on suggestion, at least prop rio motu, and appointed a lawyer, having the qualifications of a Judg?, to act in his place, ad hoc; that such lawyer considered the petition for an appeal, and granted the order asked.
It is claimed that the District Judge liad no right to recuse himself, that he, therefore, had no right to appoint a lawyer pro hoc vice, and that this lawyer has not taken, previous to acting, the oath required by the Constitution from public officers.
We think not only that the Judge had a right, but that it was his duty to recuse himself. Had the defendant been cast, she could have recused him, on an application for an appeal, because “ he had been employed as advocate in the case.” C. P. 333, No. 3.
The plaintiff herself could have exercised the same right, or even verbally intimated the propriety of his recusing himself on the same ground. It would have been highly indelicate, to say the least, on the part of the Judge to have granted the appeal, at the instance of the very person whom he had professionally represented in the controversy, before his elevation to the bench. He was right in recusing himself.
A Judge who has been of counsel in a suit, should consider himself incompetent, and not wait until he be recused, to withdraw from the case. He might, however, where the parties do not object, or do consent, make mere formal orders, as may be needful for a continuance. 45 N. H. 53.
It has been held that where a Judge is recused, he cannot himself try the issue raised on that point by his denial, but must refer it to be tried as provided by law. 33 A. 1293.
A Judge should studiously abstain from all and any judicial action which could retard or accelerate the rendition or execution of a judgment in such a case. If he had the right to grant an appeal, he had that of refusing one, in the exercise of his discretion, and then, why not, also, to grant or refuse an injunction and try and determine the same?
The authority in 2 A. 628, is to the effect that where a Judge who could have been, has not been recused by either litigant, and has not recused himself proprio motu, refuses an order of appeal, he can be and was compelled by mandamus to grant one, because the fact of the exis *630 tence of a valid ground for recusation does not necessarily make him incompetent; that he only becomes such, when he has been recused, or has recused liimself, on his own motion. In this case the Judge lias recused himself, and has, therefore, acknowledged and declared his incompeteney.
He had a right to appoint a lawyer to act in his place the moment he recused himself. Const. Art. 112; Act 1830, No. 40. When appointed and qualified, that lawyer replaces completely the Judge of the Court, and can discharge all the duties which that Judge could exercise, if acting, but only for the purpose and in the case in which the appointment is made.
The lawyer appointed in this ease accepted the trust, and has acted as Judge ad hoc, by granting the order.
It is insisted -that it does not appear from the record that he has taken the oath required by the Constitution, Art. 149, from all State officers, before entering upon the discharge of his functions, and an attempt is made to establish the failure to do so, by affidavit, in this Court.
It is true the record does not show that such oath was taken, neither does it show that the District Judge himself has qualified. If the record fails in that respect, the defendant has no one to blame but herself. In order to enable this Court to exjn-ess an opinion on the subject, it is clear that she should have taken steps to have the order rescinded in the lower court, and put the proof of the omission on record. She lias not done it there, she cannot now do it here. Were we to consider the affidavit offered, we would be taking original jurisdiction, which we cannot do. 32 A. 665.
We must presume that the Judge ad hoc took the qualifying oath. Omnia rite acta presumiuitnr.
The motion to dismiss is, therefore, overruled.